**FILED**

APR 0 1 2026

**U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) **4:26-cr-00148 MTS/NCC** |
| JOSEPH GOFF, | ) |
| | ) |
| Defendant. | ) |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term

(a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

(b) "sexually explicit conduct" to mean actual or simulated--

(i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

(ii) bestiality,

(iii) masturbation,

(iv) sadistic or masochistic abuse, or

(v) lascivious exhibition of the genitals or pubic area of any person (18 U.S.C. §2256(2)(A));

1

(c)     "visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format (18 U.S.C. §2256(5));

(d)     "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device.  (18 U.S.C.§ 2256(6));

(e)     "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

(A)     the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C)     such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2.     The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3.     On July 21, 2020, the defendant was convicted of the federal crime of a Receipt of Child Pornography in cause number 4:19CR0873 JAR.

4.     Between on or about July 1, 2024, and on or December 19, 2025, within the Eastern District of Missouri and elsewhere,

2

**JOSEPH GOFF,**

the defendant herein, did knowingly receive image files of child pornography over the internet, a means or facility of interstate commerce, and the image and video were a visual depictions that involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct, including but not limited to the following:

1.  FF71D405-D725-4007-8F42-FAE2D711C40C_4_5005_c.jpeg – a graphic image file depicting a prepubescent minor female child in a lascivious display of her genitals;

2.  611A649A-0645-45DA-8AE7-B47D9900CAAE_4_5 005_c.jpeg  -  a graphic image file depicting a prepubescent minor male child's anus being penetrated by an adult male's penis;

3.  6865A2A2-9505-4CD3-BA5F-64069331C715_4_5005_c.jpeg  – a graphic image file depicting a prepubescent minor female child sitting in chair in a lascivious display of her genitals.

In violation of Title 18, United States Code, Section 2252A(a)(2).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.  Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A(a)(2) as set forth in Count I, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2.    Specific property subject to forfeiture includes, but is not limited to,

    a.  Apple iPhone Tablet SN GCTVPGK4HLFD

3.    If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

THOMAS C. ALBUS
United States Attorney

_____
COLLEEN LANG, 56872MO
Assistant United States Attorney

4